The opinion of the Court was delivered by
Withers, J.
Farrow being in jail, sought the benefit of the Prison Bounds Act. An issue was made and tried before a jury, under the provisions of the Act of 1833. The verdict was for Farrow — an appeal was taken — a new trial.granted— Farrow meantime having been enlarged-on a bond such as the said Act prescribes. Farrow was not surrendered before the term of the Circuit Court next succeeding the determination of the appeal, but on the Monday next succeeding that term, he was surrendered and put into prison, and Farrow had been present at and during the said term of the Circuit Court, but he took no measures towards another trial of the issue sent back by the Appeal Court — nor did the creditor or creditors who opposed his application for discharge.
The question is, whether, under habeas corpus, he was entitled to be discharged from the confinement arising from the act of his sureties, as before stated. This involves the examination of the 4th section of the Act of 1833, which is in these words, (6 Stat. 492):
*448 “If the verdict of the jury aforesaid he in favor of the prisoner and the plaintiff should appeal, the prisoner shall be entitled to be discharged from confinement, on his giving bond and sufficient sureties, to the plaintiff, to be forthcoming and to abide by the decision of the Court of Appeals; and if the said appeal should be determined against the prisoner, and he be not surrendered, (which the surety is hereby authorized to do,) before the first day of the Circuit Court next succeeding the determination of such appeal, then the clerk of the Court shall, on the application of the plaintiff or his agent, forthwith issue a scire facias on the said bond against the prisoner and his sureties, as in cases of estreated recognizances'; but in case the said prisoner should appear, or be surrendered as aforesaid, then the said judge, justice, or commissioner of special bail, shall forthwith proceed to impannel a jury and try the case, as provided for in the sections aforesaid, with the same liabilities, rights and privileges as aforesaid.”
It is quite obvious, that a leading object of this legislation is, to secure to a prisoner in jail, and for whom a verdict is rendered, a temporary release, upon terms prescribed. Another is, to secure 'a speedy termination of the controversy. Both are for the benefit of a prisoner, and the “ bond ” required is made a substitute for the security which the creditor had in the confinement of the body of his debter. In the contingency specified he might move the clerk to treat it, “forthwith,” as forfeited recognizances are treated. That contingency arose upon the occurrence of two circumstances, to wit: a failure to “ surrender before the first day of thé term of the Court,” and the failure of the defendant to “appearThe first circumstance did occur; the prisoner was not surrendered, as the law permitted. To surrender him would have been the act of the surety; to appear would have been his own act. By the exact import of the words, the surrender must be before the first day .of the Circuit Court. Can the sureties lawfully place the debtor, enlarged upon the bond executed in this case, in *449 confinement, after the time specified ? If they cannot, the decision below was right — if they can, it is wrong. The argument for the sureties is, that they are clothed with the right of bail to the action, as to the matter of surrender. Such a construction of the 4th section, above cited, cannot be deduced from the letter or the general scope. The surrender must be within a limited period, very far within that prescribed for bail in the case of Breeze vs. Elmore, 4 Rich. 436. Bond and sureties, are the words — not bail-bond and bail. Process is to go not upon a recognizance, but “ as in cases of estreated recognizances,” (perhaps, more accurately, it should have been, as in cases of recognizances sought to be estreated.)
Then, the general scope is adverse to the argument. It contemplates the case of a prisoner confined on mesne, or final process — one already surrendered by bail, (as in fact, Farrow had been.) It equipped a commissioner of special bail with a jury, and inculcates a speedy administration of the Prison Bounds Act; gives a prisoner the temporary benefit of enlargement upon a verdict in his favor, though appealed from; and no more than a temporary benefit. Even now, when the verdict is against the prisoner, and he appeals, he must continue to occupy the condition he was in at the time of trial. Hall & Taggart, Dud. 370.
It is supposed that something can be derived from the word “appear,” which seems to be the alternative of “surrender;” and it is urged that the technical meaning of appear, in cases of bail, to wit: to be within the reach of final process, or to pay the condemnation money, extends the rights of bail to these sureties. The appearance of the prisoner cannot be referred in all cases, to the term of the Circuit Court of Common Pleas, and before the Judge of that Court. Many of such cases as the present are before a Commissioner of Special Bail; I suppose this case to be so, (and it was in fact before Judge O’Neall in vacation.) When this appeal should be adjudged against Farrow, how should he “appear ” before *450 the Commissioner of Special Bail ? He might wish to appear forthwith, and if he did, the Commissioner (says the Act) '“shall forthwith impannel a jury and try the case.” He would, in such case, possibly, be entitled to continued enlargement, under the bond given, (unless his sureties should sooner surrender him,) until the next succeeding term of the Circuit Court after the appeal should be dismissed. But why should he, in the case supposed, attend that term of the Circuit Court ? That Court would have nothing to do with his case, for it is supposed to be before a Commissioner; and in fact Jiidge O’Neall was acting as, and in lieu of, a Commissioner of Special Bail. To appear, then, must mean something besides merely attending the next Circuit Court. That event seems to be specified as fixing the period within which he'may be surrendered, or may appear, and will embrace a case, remanded either to a Commissioner, or to the Circuit Court, as a Court, whichever may have possession of the cause ordered to a new trial. But in any case, if the prisoner, who has been enlarged, be not obliged to go into confinement, as he was when the verdict was rendered, that is set aside on appeal, he must be held to no less than the duty of applying to the jurisdiction that has possession of his case, and submitting himself to it, claiming a rehearing of his case, before he can be said to “appear.” This must be done at or before the Circuit Court next following the determination of the appeal adverse to the prisoner.' If it be not, and the surrender has been neglected, as prescribed or permitted, the bond is forfeited, the creditor may pursue it — he "may decline the body, as he has done here, and the sureties are not authorized to surrender afterwards.
The motion is refused.
O’Neall, Wardlaw, Whitner, Glover, and Munro, JJ., concurred.

Motion dismissed.